# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAMONT MILLER, Inmate Booking No. 7791797,<br><br>            Plaintiff,<br><br>    vs.<br><br>WILLIAM KOLENDER, et al.,<br><br>            Defendant. | CASE NO. 08-CV-0404 H (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 7.] |

On February 29, 2008, plaintiff Charles Lamont Miller, an inmate currently housed at the San Diego Central Jail in San Diego California and proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff did not prepay the $350 civil filing fee required by 28 U.S.C. § 1914(a) and instead submitted a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.)

Plaintiff's complaint failed to make a plausible allegation that Plaintiff is under imminent danger of serious physical injury, see Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007), and the Court took judicial notice that Plaintiff has had three prior prisoner suits dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. See Miller v. Kolender, et al., Case No. 01-CV-1061 JM (NLS) (S.D. Cal. Aug. 29, 2001) (strike one); Miller v. Hudgins, et al., Case No. 01-CV-1615 BTM (JFS) (S.D. Cal. Nov. 26, 2001) (strike

1  two); <u>Miller v. Hernandez, et al.</u>, Case No. 02-CV-1653 J (NLS) (S.D. Cal. Aug. 29, 2002)
2  (strike three).

3      Accordingly, the Court denied Plaintiff's motion to proceed IFP as barred by 28 U.S.C.
4  § 1915(g). (Doc. No. 3.) That subdivision, "commonly known as the three strikes provision,"
5  <u>Andrews v. King</u>, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005), precludes granting a motion to
6  proceed IFP if a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in
7  any facility, brought an action or appeal in a court of the United States that was dismissed on
8  the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be
9  granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.
10 § 1915(g).  Since the Court concluded that Plaintiff's motion to proceed IFP must be denied,
11 the Court dismissed the action without prejudice pursuant to 28 U.S.C. § 1914(a) for failure
12 to prepay the $350 filing fee.

13     On March 25, 2008, Plaintiff filed a motion for reconsideration of the Court's March
14 11, 2008 order denying Plaintiff's motion to proceed IFP and dismissing the action. (Doc. No.
15 7.) Plaintiff contends that the case <u>Miller v. Kolender, et al.</u>, Case No. 01-CV-1061 JM (NLS),
16 should not be counted as a strike.

17     Reconsideration "is appropriate if the district court (1) is presented with newly
18 discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,
19 or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J, Multnomah</u>
20 <u>County v. AC & S, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  Whether to grant or deny
21 reconsideration is within the discretion of the district court. <u>United States v. Desert Gold</u>
22 <u>Mining Co.</u>, 433 F.2d 713, 715 (9th Cir. 1970).  The Court concludes that Plaintiff's motion
23 fails to establish grounds for reconsideration. Therefore, the Court denies Plaintiff's motion.
24 IT IS SO ORDERED.
25 DATED: March 28, 2008

26
27                                 _____
                                MARILYN L. HUFF, District Judge
                                UNITED STATES DISTRICT COURT

28 COPIES TO: All parties of record.