

United States District Court
Southern District of California

Charles Lamont Miller

vs.

Sheriff William Kolender, et al.

Case No. 3:08-cv-00404-H-BLM

**Pro per Plaintiff's Notice of Appeal To 9th Circuit Court of Appeals**

Please take notice that Plaintiff intends to Appeal the Court's orders filed on 3/11/08 (Doc # 3-1) and on 3/15/08 (Doc. #4) to the ninth Circuit Court of Appeals.

Respectfully submitted,



Charles L. Miller, pro per
#_____
℅ P.O Box 122952
San Diego, CA 92112



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

## Certificate of Service

This is to certify that certificate of Service inapplicable in this case to date no service of process completed and/or appearances made. Dated this 21st day of march, 2008

_____
Charles L. miller, Pro Per

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAMONT MILLER;<br>Inmate Booking No. 7791797,<br><br>                              Plaintiff,<br><br>vs.<br><br>WILLIAM KOLENDER, et al.,<br><br>                              Defendant. | Civil No.   08-0404 H (BLM)<br><br>ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]<br><br>AND<br><br>DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a) |

Plaintiff, an inmate currently housed at the San Diego Central Jail in San Diego, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

I.   **Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2).

1  However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the
2  privilege to proceed IFP:

3  . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal
4  in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which
5  relief can be granted, unless the prisoner is under imminent danger of serious physical injury.
6

7  28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision."
8  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to
9  § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v.
10 Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Andrews v. Cervantes*") (Under the
11 PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from
12 IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the
13 congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,
14 128 F.3d 1310, 1312 (9th Cir. 1997).

15  "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which
16 were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim."
17 *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is
18 prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is
19 under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v.
20 Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[]
21 a plausible
22 allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of
23 filing.").

24  While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his
25 request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket
26 records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under
27 § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g),
28 however, the court must "conduct a careful evaluation of the order dismissing an action, and

1  other relevant information," before determining that the action "was dismissed because it was
2  frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a
3  strike under § 1915(g)." *Id.* at 1121.
4      The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
5  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
6  12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).
7  *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight
8  or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*
9  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
10 allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an
11 arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,
12 embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A
13 case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d
14 at 1121 (quotation and citation omitted).
15 **II.   Application of 28 U.S.C. § 1915(g)**
16     The Court notes as an initial matter that it has carefully reviewed the Complaint and has
17 ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger
18 of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d at 1055
19 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this
20 action if he has on three prior occasions had civil actions or appeals dismissed as frivolous,
21 malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).
22     A court "may take notice of proceedings in other courts, both within and without the
23 federal judicial system, if those proceedings have a direct relation to matters at issue." *United*
24 *States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.
25 1992); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). Here, the
26 Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed on
27 the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may
28 be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Miller v. Kolender, et al.*, Civil

Case No. 01-1061 JM (NLS) (S.D. Cal. Aug. 29, 2001) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)) (strike one); *Miller v. Hudgins, et al.*, Civil Case No. 01-1615 BTM (JFS) (S.D. Cal. Nov. 26, 2001) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)) (strike two); *Miller v. Hernandez, et al.*, Civil Case No. 02-1653 J (NLS) (S.D. Cal. Aug. 29, 2002) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and fails to make a "plausible allegation" that he is under imminent danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See Andrews v. Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* as barred by 28 U.S.C. § 1915(g) [Doc. No. 2], and **DISMISSES** this action without prejudice pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: March 11, 2008

HON. MARILYN L. HUFF
United States District Judge

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals  **Date:** 04/3/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Charles Lamont Miller v. William B Kolender, et al

U.S.D.C. No.: 08cv404 H (BLM)    U.S.D.C. Judge: Marilyn L. Huff

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 3/11/2008

Notice of Appeal Filed: 4/1/2008

Court Reporter: n/a

COA Status: [ ] Granted in full/part (appeal only)    [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: [ ] Paid    [x] Not Paid    [ ] No Fee Required
USA/GOVT. APPEAL: [ ] Yes    [x] No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked? [ ] Yes    [ ] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**                **Appellee Counsel:**

Charles Lamont Miller                N/A
T-18663

PO Box 122952
San Diego, CA 92112


Counsel Status: [ ] Retained    [ ] Appointed    [x] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: T-18663
Bail: _____

Custody: __x__

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Order Denying IFP and Dismissing Action without Prejudice entered 3/11/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

**L. Hammer**

Lauren Hammer

Deputy's Name                                    Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:   Clerk, U.S. Court of Appeals
      P.O. Box 193939
      San Francisco, CA 94119-3939

Re:   **USCA No:**
      **USDC No:** 08cv404 H (BLM)
      **Miller v. Kolender, et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in     set(s) of     volume(s). | | |
| | Reporter's transcript's transcripts in     set(s) of     volume(s). | | |
| | Exhibits in     envelope(s)     box(es)     folders(s) | | |
| | Judgement Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order Denying IFP and Dismissing Civil Action without Prejudice entered 3/11/2008 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date:   04/3/08           By: **L. Hammer**
                          Lauren Hammer, **Deputy**